UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DANELLE ALEXANDER | CASE NO. |
| VERSUS | JUDGE |
| HOME DEPOT U.S.A., INC. | MAGISTRATE |

## NOTICE OF REMOVAL

Defendant, Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), hereby removes the action captioned "*Danelle Alexander versus Home Depot U.S.A., Inc.*" bearing case number C-20215533 on the docket of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division. In support of this notice of removal, Defendant pleads the following grounds:

I.

This civil action was filed by plaintiff, Danelle Alexander ("Plaintiff"), on October 22, 2021, in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, bearing case number C-20215533, seeking to recover damages for personal injuries allegedly related to an accident at a Home Depot store located in Broussard, Louisiana.

II.

Plaintiff was at the time of the filing of this action a resident and domiciliary of Louisiana.

III.

Defendant, Home Depot, was at the time of the filing of this action, and still is, a foreign entity incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia.

IV.

Under the mandatory language of 28 U.S.C. §1441 (b)(1), the Court must disregard the citizenship of ABC Insurance Company, which is a fictitious defendant, in determining whether the Court has subject matter jurisdiction over this matter. *See, Breaux v. Goodyear Tire & Rubber Co.,* 15-0837, 2015 WL 4635566, *2 (E.D. La 8/3/2015) (holding that the "language of [§ 1441(a)] is clear and explicit," and the "Court must disregard the fictiously named defendant's citizenship"); *see also*, *Beiriger v. Medtronic Dofamor Danek USA, Inc.*, 17-742, 2018 WL 1958385, *2-3 (M.D. La 11/30/2017) (holding 28 U.S.C. §1441 (b)(1) provides that when determining whether an action is removable on the basis of diversity jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded").

V.

The Petition for Damages ("Petition") and Citation were served on Home Depot through its registered agent for service of process on January 28, 2022.

VI.

It is not apparent on the face of the Petition that was filed in the 15th Judicial District Court for the Parish of Bossier that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See generally,* Petition, attached hereto as part of Exhibit "A, *in globo.*"

VII.

The Petition fails to describe with any degree of specificity the extent of the alleged injuries or damages sustained by Plaintiff. Rather, it is only generally alleged that Plaintiff "suffered multiple personal injuries, sought medical treatment, and will continue to undergo further

treatment as a result of this accident," for which she seeks to recover damages for past, present, and future medical expenses, lost wages, disability, pain and suffering, loss of enjoyment of life, and loss of consortium. *See,* Petition, Exh. A, *in globo,* at ¶¶ 1, 15, 16.

VIII.

Upon receipt of Plaintiff's settlement demand dated June 6, 2022 ("Demand Letter"), together with medical records and bills attached thereto, Home Depot first received notice that the amount in controversy exceeds $75,000, exclusive of interest and costs, in this case involving diverse parties. **Specifically, the Demand Letter seeks "policy limits" in settlement, and details damages Plaintiff relates to the accident as follows:**

- General damages for pain and suffering and loss of enjoyment of life related to post-accident pregnancy complications (including irregular bleeding and a five-month period of bed rest), and the diagnosis and treatment of ankle sprain, low back pain, radiculopathy, and sciatica—which, according to Plaintiff's medical records, have not yet resolved;

- Past medical expenses in the amount of $20,004.89; and

- Lost wages related to over 5 months of missed work as a certified nursing assistant at St. Martin Hospital (from December 2020 to May 2021).

See, Demand Letter and medical records attached to Declaration of Counsel, Exhibit "B" hereto.

IX.

While liability and damages are disputed, it was not until Home Depot received the Demand Letter, together with certain medical records attached thereto, that it was first put on notice that the amount in controversy in the action filed by Plaintiff exceeds $75,000, exclusive of interest and costs.

X.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332, and is thus removable to this Court pursuant to the

01140243-1

provisions of 28 U.S.C. §1441, et seq., because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XI.

In compliance with the requirements of 28 U.S.C. §1446(b)(3), this notice of removal is filed within thirty (30) days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XII.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Home Depot to date in state court are attached as Exhibit A, and made a part hereof.

XIII.

In compliance with 28 U.S.C. §1446(d), Home Depot hereby certifies that notice of removal is being served on adverse parties, and to the Clerk of Court of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

WHEREFORE, defendant, Home Depot U.S.A., Inc., prays that this cause be removed from the 15th Judicial District Court for the Parish of Lafayette State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Western District of Louisiana.

Respectfully submitted,

/s/  Susan M. Caruso
M. Davis Ready, T.A. (Bar No. 24616)
Susan M. Caruso (Bar No. 27195)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Emails:
davisr@spsr-law.com
susanc@spsr-law.com

Attorneys for Home Depot U.S.A., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been served upon all counsel of record by facsimile, electronic mail, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 6th day of July, 2022.

/s/ Susan M. Caruso

01140243-1